IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES CAMERON COHEN,

     Plaintiff,

v.                              CASE NO. 1:18-cv-87-MW-GRJ

DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE,
and JILL ALLEN,

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 1, Plaintiff's *pro se* complaint, and ECF No. 2, Plaintiff's motion for leave to proceed as a pauper, which is due to be granted.

Upon an initial screening of Plaintiff's complaint to determine whether he has alleged sufficient facts to state a claim against Defendants upon which relief may be granted, the Court finds that Plaintiff's claims are the same as those he previously litigated in the Tallahassee Division of this Court and in the U.S. District Court for the Southern District of New York.

In Plaintiff's complaint, he states that he mailed his tax return to the

Internal Revenue Service ("IRS") on September 9, 2016, but he did not receive anything back from the IRS. After contacting the IRS and providing his social security number to Jill Allen, a clerk with the IRS, he was still unsuccessful in obtaining his tax return. Plaintiff then filed a complaint in the Southern District of New York regarding the failure to receive his tax return, which was dismissed. His last attempt to obtain this tax return involved the complaint he filed in the Northern District of Florida, Tallahassee Division, against the IRS, which was also dismissed.[1]

Due to his previously unsuccessful attempts in federal court, Plaintiff has now filed the pending complaint requesting a bench trial. He says that he is "in a desperate need for money and the only resource is [his] refund that's been withheld from [him] since September of 2016." He goes on to say, "[i]f my request for a bench trial is denied I would hope the judge would at least grant me that ticket back home."

The Court takes judicial notice of Plaintiff's two previously filed complaints in the Tallahassee Division of this Court and the Southern

---

[1] Plaintiff also includes the following allegations in his complaint: Plaintiff says that he also filed complaints in the Middle District of Florida regarding his pursuit of a federal firearms license and seeking a protective order against rapper Jay Z, which were also dismissed. However, it is unclear how these allegations are in any way relevant to Plaintiff's pending complaint.

District of New York, in which Plaintiff sought court intervention in receiving his tax refund that has allegedly been withheld since 2016. *See Cohen v. Dep't of Treasury*, *Internal Revenue Serv.*, Case No. 4:18cv06-MW/CAS (N.D. Fla. Feb. 20, 2018) (dismissed for lack of subject matter jurisdiction); *Cohen v. Dep't of Treasury*, *Internal Revenue Serv.*, Case No. 1:17cv01459-CM (S.D.N.Y. June 12, 2017) (same).

In both of those cases, Plaintiff was advised that prior to bringing an action in federal court regarding his tax refund, he must first file an administrative claim with the IRS. *See* 26 U.S.C. § 7422(a); 26 C.F.R. § 601.103(c)(3); *Flora v. United States*, 362 U.S. 145, 177 (1960). Then, because Plaintiff failed to allege that he had filed an administrative refund claim with the IRS prior to filing his complaint in federal court, his complaints were dismissed for lack of subject matter jurisdiction.

Now, for the third time, Plaintiff has attempted to seek assistance from a federal court in receiving his tax refund without alleging that he first filed an administrative refund claim with the IRS as required in 26 U.S.C. § 7422(a) to exhaust his administrative remedies. Because Plaintiff has again failed to allege that he complied with § 7422(a), he has again failed to show that this Court has subject matter jurisdiction over his claim.

As evidenced by the Court's directives in the two prior cases, Plaintiff was fully aware that he needed to show he exhausted his administrative remedies prior to bringing his claims in federal court.  Plaintiff has not alleged that he has done so.  Consequently, the Court concludes that any additional amendment to his complaint would be futile. Plaintiff's complaint therefore should be dismissed for lack of subject matter jurisdiction.

According, it is **ORDERED** that:

Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

Additionally, it is respectfully **RECOMMENDED** that:

Plaintiff's complaint, ECF No. 1, should be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** this 10th day of May 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**